[Cite as *State v. Channels*, 2016-Ohio-5438.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-61 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2014-CR-447 |
| v. | : | |
| | : | (Criminal Appeal from |
| SEAN M. CHANNELS | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2016.

. . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. No. 0009172, by STEPHANIE R. HAYDEN, Atty. Reg. No. 0082881, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorneys for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. No. 0034517, 135 West Dorothy Lane, Suite 117, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Sean Channels appeals from his conviction and sentence, following a guilty plea, upon a charge of Aggravated Assault. Channels contends that the trial court abused its discretion by failing to grant his pre-sentence motion to withdraw his guilty plea. We agree. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

## I. Course of the Proceedings

{¶ 2} In August 2014, Channels was indicted on one count of Felonious Assault, one count of Carrying a Concealed Weapon, and one count of Aggravated Menacing. In August 2015, following plea negotiations, Channels entered a plea of guilty to the charge of Carrying a Concealed Weapon, and to Aggravated Assault (amended down from Felonious Assault). The charge of Aggravated Menacing was dismissed by the State.

{¶ 3} At sentencing, the State dismissed the charge of Carrying a Concealed Weapon based upon *In re J.T.*, 143 Ohio St.3d 516, 2015-Ohio-3654, 39 N.E.3d 1240, which had been decided a month earlier. Channels then moved to withdraw his plea of guilty, arguing that the holding in *In re J.T.* precluded his conviction on the Aggravated Assault charge.

{¶ 4} The trial court dismissed the Carrying a Concealed Weapon charge, and overruled Channels's motion to withdraw his plea. Channels was sentenced to a prison term of seventeen months.

{¶ 5} Channels appeals.

## II. The Trial Court Abused Its Discretion in Denying the Motion to Withdraw

**Plea**

{¶ 6} Channels's sole assignment of error states:

THE TRIAL COURT'S DECISION TO DENY THE APPELLANT'S MOTION TO WITHDRAW HIS PLEA WAS AN ABUSE OF DISCRETION.

{¶ 7} Channels contends that the trial court abused its discretion by overruling his pre-sentence motion to withdraw his guilty plea. Motions to withdraw guilty pleas made before sentencing are, in general, to be freely allowed. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw his plea, even if made prior to sentencing. *Id.*, paragraph one of the syllabus. The decision to grant or deny a motion to withdraw a plea rests within the sound discretion of the trial court. *Id.* at paragraph two of the syllabus. Thus, the trial court's decision will not be reversed unless the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 8} Channels was convicted of Aggravated Assault, in violation of R.C. 2903.12(A)(2), which provides that "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: * * * cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code." R.C. 2923.11(A) defines a "deadly weapon" as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."

{¶ 9} Channels relies upon the holding of *In re J.T., supra*, for the proposition that

because he had an inoperable gun, he cannot be found guilty of Aggravated Assault. In that case, a juvenile was convicted of carrying a concealed weapon, in violation of R.C. 2923.12(A), after he was apprehended carrying a broken pistol in his waistband. *In re J.T.*, *supra*, ¶ 2. The Court of Appeals affirmed the conviction. *Id.*, ¶ 4. The Supreme Court of Ohio reversed, holding that a person cannot be convicted of carrying a concealed weapon when the handgun being carried is inoperable. *Id.*, ¶ 5. In reversing, the Supreme Court observed:

> Today, we apply a common-sense reality check to that fact pattern. When a person has an inoperable handgun tucked into his or her waistband and does not use it as a bludgeoning implement, it is not a deadly weapon. While it had been designed as a deadly weapon in that it was meant to fire a potentially lethal projectile, its essence as a deadly weapon ended when it became inoperable. In effect, since it was inoperable, it was no different from a stone or a brick. If it had been used as a bludgeon or otherwise used, possessed, or carried as a weapon, it could be considered a deadly weapon. As nothing more than a heavy object tucked into a waistband or a pocket, however, it was not. Just as it would be improper to convict someone of carrying a concealed weapon simply because he had a stone in his pocket, it is also improper to convict someone of that crime simply for having an inoperable pistol tucked into his waistband.

*Id.*, ¶ 1.

{¶ 10} Channels contends that because the parties stipulated that his gun was inoperable, the holding in *J.T.* mandates reversal of his conviction. The State contends

that the facts in this case are distinguishable, because there is evidence that Channels pointed the gun, and threatened the victim with it.[1]

{¶ 11} We agree with the State that there are cases indicating that brandishing a gun, and making a threat, may support an inference that a weapon is operable. *See, e.g.*, *State v. Brewer*, 2d Dist. Montgomery No. 24126, 2012-Ohio-2097, ¶ 25, citing *State v. Gamble*, 2d Dist. Clark No. 2001 CA 61, 2002-Ohio-3289. But in the case before us, the parties have stipulated that the gun in this case was inoperable. This renders unreasonable any inference of operability that might otherwise arise from Channels's actions. On this record, there is no evidence that he attempted to use the gun to bludgeon the victim, or that it could be readily rendered operable.

{¶ 12} Given these facts, the clarification of the law represented by *In re J.T.*, and the principle of freely allowing plea withdrawals prior to sentencing, we conclude that the trial court abused its discretion by denying Channels's motion to withdraw his plea. Accordingly, the sole assignment of error is sustained.

## III. Conclusion

{¶ 13} Channels's sole assignment of error having been sustained, the judgment of the trial court convicting and sentencing Channels for Aggravated Assault is Reversed, and this cause is Remanded for further proceedings. Upon remand, Channels shall be permitted to withdraw his plea. Upon any further prosecution by the State, the facts can then be developed as to whether Channels' gun was "otherwise used, possessed, or

---

[1] The evidence cited by the State consists of a statement made by the prosecutor during the sentencing hearing. However, a review of the PSI indicates that Channels admitted to pulling the gun out, and telling the victim to "get back."

carried as a weapon," as the State asserts, and if so, whether that supports a conviction for any charge against Channels.

. . . . . . . . . . . . .

DONOVAN, P.J., and HALL, J., concur.

Copies mailed to:

Stephen K. Haller
Stephanie R. Hayden
William O. Cass, Jr.
Hon. Stephen Wolaver